Filed 7/17/13  P. v. Lockhart CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058210 |
| v. | (Super.Ct.No. FSB047178) |
| MARK ANTHONY LOCKHART, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Mark Anthony Lockhart was charged with assault with intent to commit rape (Pen. Code, § 220, count 1),[1] kidnapping (§ 207, subd. (a), count 2), making criminal threats (§ 422, count 3), and attempted forcible rape (§§ 664/261, subd. (a)(2), count 4). Count 3 was later dismissed, at the prosecution's request. It was also alleged that defendant had two prior strike convictions. (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).) Defendant represented himself and waived his right to a jury trial. The trial court did not find defendant guilty of assault with the intent to commit rape or kidnapping, but did find him guilty of attempted rape. (§§ 261/664, subd. (a)(2).) The court also found the prior conviction allegations true. The court then sentenced defendant to an indeterminate term of 25 years to life in prison.

Approximately seven years later, defendant, in propria persona, filed a request to be resentenced and released. The court found that defendant did not satisfy the criteria in section 1170.126, subdivision (e). The court specifically found that defendant's offense of attempted rape was a serious felony, as defined in section 1192.7, subdivision (c), and that his conviction required him to register as a sex offender (§ 290); therefore, he was ineligible for resentencing. The court denied the petition for resentencing.

Defendant then filed a petition for writ of habeas corpus, alleging that he was denied resentencing "for a violent felony that [he] was not convicted on [*sic*]." The court deemed the petition a motion for reconsideration and again found that defendant was ineligible for resentencing under section 1170.126.

---

[1] All further statutory references are to the Penal Code, unless otherwise noted.

Defendant filed a timely notice of appeal based on the sentence.  We affirm.

ANALYSIS

Defendant appealed and, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and three potential arguable issues:  (1) whether attempted rape is a serious or violent offense (§§ 667.5, subd. (c) & 1192.7, subd. (c));  (2) whether attempted rape requires registration under section 290; and (3) whether the trial court properly denied his request for resentencing under section 1170.126.  Counsel has also requested this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done.  He contends that two of "the issues of fact . . . [were] not supported by evidence."  First, he asserts that his conviction was for attempt to commit rape (§§ 261/664), which "came after [he] beat assault with intent to commit rape [under] [P]enal [C]ode 220."  He then argues that "[a]fter beating the assault and intent in the [section] 220 charge, it is not possible to have an assault left."  This argument is irrelevant, since defendant was not convicted of assault, but was convicted of attempted rape.

Second, defendant argues that there was no evidence "to support the fact that [his] conviction [was] in the [P]enal [C]ode book at 1192.7."  However, attempted rape is defined as a serious felony in section 1192.7.  (§ 1192.7, subd. (c)(3) & (39).)

Finally, defendant contends that there was an error in the "sentencing transcripts." He asserts that the sentencing court "did not use the trial court conviction . . . of attempt to commit the crime of rape." Instead, the sentencing court used "attempt[ed] forceable [*sic*] rape." This is a distinction without a difference. Defendant was convicted of attempted rape in violation of section 261, subdivision (a)(2), which defines rape as an act of sexual intercourse "accomplished against a person's will by means of force." (§ 261, subd. (a)(2).)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.